IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ABDULLAH ("ABE") FATTAEY,

    Plaintiff,

    v.

KANSAS STATE UNIVERSITY, KIRK SCHULZ, CINDY BONTRAGER, APRIL MASON, RYAN SWANSON, and ROBERTA MALDONADO FRANZEN,

    Defendants.

Case No. 15-9314-JAR-KGG

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Stay (Doc. 15) and Second Motion to Extend Deadline to Respond to Defendants' Motion to Dismiss (Doc. 22). The motion for extension of time incorporates arguments fully briefed on the motion to stay. The Court has considered the parties' submissions and is ready to rule. As described below, Plaintiff's motion to stay and his motion for extension of time are granted.

Plaintiff Abdullah ("Abe") Fattaey alleges claims against his former employer Kansas State University, and University employees, relating to the failure to name him as the Associate Vice President for Campus Planning and Facilities Management at the University. Fattaey originally filed this action on October 13, 2014, and amended the complaint once as a matter of course on November 10, 2015. The Amended Complaint alleges the following claims: (1) breach of contract under Kansas law against the University; (2) civil conspiracy under Kansas law against Defendants Schulz, Mason, Bontrager, and Swanson; (3) tortious interference with contract and business expectancy under Kansas law against Schulz, Mason Bontrager, and Swanson; (4) civil conspiracy to deprive Plaintiff of equal privileges and immunities under the

law under 42 U.S.C. § 1985(3); and (5) procedural and substantive due process violations under 42 U.S.C. § 1983.

On February 19, 2016, Defendants filed a Motion to Dismiss the Amended Complaint (Doc. 11).  The motion argues that the claims against the University for breach of contract, and any official capacity claims, are barred by sovereign immunity, and that the University is not a "person" subject to suit under § 1983.  The motion further argues that the Amended Complaint fails to state a claim upon which relief may be granted for several reasons, and that qualified immunity shields the individual defendants from civil rights against them in their individual capacities.

The parties agreed to stay discovery until the Court resolves Defendants' motion to dismiss.  Plaintiff also moved to stay briefing and disposition on the motion to dismiss, arguing that he will be filing a motion for leave to amend to add claims under Title VII of the Civil Rights Act of 1964, and to potentially "moot out" some of the arguments raised in the motion to dismiss.  Defendants responded in opposition to Plaintiff's motion to stay, characterizing the request as one for an indefinite amount of time.  They complain that adding Title VII claims would not affect the arguments raised in support of dismissing the original claims, and they argue that the delay will cause them prejudice, particularly with regard to qualified immunity.

At the time of Plaintiff's motion to stay, Plaintiff had not yet obtained the right to sue letter needed before he could amend and he had no estimate of when that letter would be issued.  But by the time Plaintiff filed his reply, he had obtained the right to sue letter.  On March 29, 2016, he filed his Motion for Leave to File Amended Complaint, attaching a proposed amended

complaint.[1] The proposed amended complaint removes the breach of contract claim, adds Title VII claims, and adds factual allegations to the civil rights and tort claims previously alleged.

It is within the discretion of the Court whether to grant a motion to stay.[2] "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[3] The movant bears the burden of showing a need for a stay.[4]

The Court is cognizant that qualified immunity is an immunity from suit as well as liability, and that it should be decided at the earliest possible stage of the litigation.[5] For this reason, discovery has been stayed in this matter pending a ruling on the motion to dismiss. However, given Plaintiff's recently filed motion for leave to amend, the Court finds it to be in the best interest of judicial economy to stay briefing on the motion to dismiss pending a ruling on the motion for leave to amend. Although it is true that Defendants raise a subject matter jurisdiction challenge to the Complaint, the bulk of their motion is brought under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, arguing that the allegations in the First Amended Complaint are deficient if accepted as true. If the motion for leave to amend is granted, Defendant's motion to dismiss the First Amended Complaint will become moot.[6] For this reason, the Court finds that a stay of the motion to dismiss is warranted pending a ruling on Plaintiff's motion for leave to amend.

---

[1] Doc. 24.

[2] *Ben Ezra, Weistein, & Co. v. Am. Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000).

[3] *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).

[4] *See, e.g., Sieverding v. Worldwest L.L.C.*, No. 05-2510, 2006 WL 897636, at *1 (D. Kan. Apr. 6, 2006).

[5] *Mecham v. Frazier*, 500 F.3d 1200, 1203 (10th Cir. 2007).

[6] *See, e.g.*, *AJB Props., Ltd. V. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. Apr. 28, 2009).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Stay (Doc. 15), and Second Motion to Extend Deadline to Respond to Defendants' Motion to Dismiss (Doc. 22) are **granted**. If the motion for leave to amend is denied, Plaintiff shall respond to the motion to dismiss within fourteen days of the order denying leave to amend**.**

**IT IS SO ORDERED.**

Dated: April 6, 2016

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE