# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ABDULLAH ("ABE") FATTAEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 15-9314-JAR-KGG |
| ) | |
| KANSAS STATE UNIVERSITY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM & ORDER ON
## PLAINTIFF'S MOTION FOR LEAVE TO FILE
## SECOND AMENDED COMPLAINT

Now before the Court is Plaintiff's "Motion for Leave to File Second Amended Complaint." (Doc. 24.) For the reasons set forth below, the undersigned Magistrate Judge **GRANTS** Plaintiff's motion.

## BACKGROUND

Plaintiff Abdullah ("Abe") Fattaey, who is Muslim and was born and raised in Iran, filed the present action against "his former employer Kansas State University, and University employees, relating to the failure to name him as the Associate Vice President for Campus Planning and Facilities Management at the University." (Doc. 25, at 1.) Plaintiff's Complaint alleges breach of contract, civil conspiracy, tortious interference with contract and business expectancy, and various Constitutional and civil rights violations. (Doc. 3.)

Defendants promptly filed a Motion to Dismiss with the District Court (Doc. 11), arguing that Plaintiff's claims are barred by sovereign immunity, qualified immunity, and the applicable statute of limitations. Defendants also argue that Plaintiff has failed to state claims upon which relief may be granted.

Defendants filed a Motion to Stay Discovery pending the outcome of the dispositive motion. (Doc. 13.) That motion was granted, as unopposed, by the undersigned Magistrate Judge. (Doc. 17.) Plaintiff also filed a Motion to Stay relating to the briefing and disposition of the pending Motion to Dismiss on the basis that he intended to file the present Motion for Leave to Amend. (Doc. 15.) Over Defendants' objection, the District Court granted that stay, noting that "[a]t the time of Plaintiff's motion to stay, Plaintiff had not yet obtained the right to sue letter needed before he could amend and he had no estimate of when that letter would be issued." (Doc. 25, at 2.)

Thereafter, Plaintiff filed the present Motion for Leave to File Second Amended Complaint. (Doc. 24.) "The proposed amended complaint removes the breach of contract claim, adds Title VII claims, and adds factual allegations to the civil rights and tort claims previously alleged." (Doc. 25, at 3.) The District Court held that "given Plaintiff's recently filed motion for leave to amend, . . . it [is] in the best interest of judicial economy to stay briefing on the motion to dismiss

pending a ruling on the motion for leave to amend" because the dispositive motion, in its current form, would be moot if the Motion for Leave to Amend is granted. (*Id*.) The Court thus turns its attention to the Motion for Leave to Amend.

## DISCUSSION

Because Plaintiff's motion has been timely filed, the Court reviews the proposed amendment under Fed.R.Civ.P. 15(a), which provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

> A district court is justified in denying a motion to amend as futile . . . if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir.1992). A court may not grant dismissal 'unless it appears beyond doubt that the [requesting party] can prove no set of facts in support of his claim which would entitle him to relief.' *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

*Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003).  The Tenth Circuit has recognized that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"  *Id.* (*quoting* ***Carefusion 213, LLC v. Professional Disposables, Inc.***, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *4 (D.Kan. Oct. 12, 2010)).

Plaintiff argues that the proposed Title VII claims "were not ripe at the time he had to file" his lawsuit and that the claims "arise out of the same transactions and occurrences as those alleged in the existing suit."  (Doc. 24, at 1.)  Defendants respond that the motion should be denied "on the grounds of futility; the proposed amended complaint fails to correct the deficiencies identified in the First Amended Complaint and, even as amended, would not survive a motion to dismiss."  (Doc. 26, at 2.)  Specifically, Defendants contend that Plaintiff relies on conclusory allegations and pleads "no facts supporting a plausible claim that the reason for his non-renewal was national origin discrimination."  (*Id.*, at 7.)

The Court does not agree with Defendants.  The proposed Amended Complaint contains various allegations relevant to Plaintiff's Title VII claims, including that Plaintiff was "treated . . . as a new applicant for employment" rather than receiving treatment typically given by Defendant to an employee with "Plaintiff's long tenure and superior performance . . . ."  (Doc. 24-1, at 8.)  Plaintiff

4

alleges he was told that the work responsibilities he was given would be more suited to him because he would be doing "behind-the-scene work" as opposed to making public appearances and interactions.  (*Id*., at 9.)  Plaintiff also contends that he was questioned as to whether he felt he was not liked in the workplace because of his accent, national origin, culture, and background.  (*Id*.)  Plaintiff further alleges that Defendant "posted a position that was similar to the one Plaintiff held" before his termination and he was not hired for the job "despite . . . being the best qualified candidate for the position."  (*Id*., at 23.)  The Court finds that such allegations allow Plaintiff's proposed Second Amended Complaint to survive Defendants' futility argument in the context of the present Motion for Leave to Amend.

The Court is equally unpersuaded by Defendant's timeliness, exhaustion of administrative remedies, and sovereign immunity arguments in the context of the present Motion for Leave to Amend given the allegations contained in Plaintiff's proposed Second Amended Complaint.  Considering the early stages of these proceedings, the Court finds that Plaintiff's proposed amended pleading contains sufficient facts for the Court to grant the Motion for Leave to Amend.  By reaching this conclusion, the Court is not, however, addressing whether Plaintiff's amended pleading would survive a revised Motion to Dismiss submitted and briefed to the

District Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 24) be **GRANTED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 10th day of May, 2016.

                                        S/ KENNETH G. GALE
                                        KENNETH G. GALE
                                        United States Magistrate Judge