IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ABDULLAH ("ABE") FATTAEY,       )
                                )
        Plaintiff,               )
                                )
v.                              )   Case No. 15-9314-JAR-KGG
                                )
KANSAS STATE UNIVERSITY, *et al.*, )
                                )
        Defendants.              )
_____ )

**MEMORANDUM & ORDER ON**
**DEFENDANTS' MOTION TO STAY DISCOVERY**

Now before the Court is Defendants' Motion to Stay Discovery. (Doc. 38.) For the reasons set forth below, the undersigned Magistrate Judge **GRANTS** Defendants' motion.

**BACKGROUND**

Plaintiff Abdullah ("Abe") Fattaey, who is Muslim and was born and raised in Iran, filed the present action against "his former employer Kansas State University, and University employees, relating to the failure to name him as the Associate Vice President for Campus Planning and Facilities Management at the University." (Doc. 25, at 1.) Plaintiff's Complaint alleges breach of contract, civil conspiracy, tortious interference with contract and business expectancy, and various Constitutional and civil rights violations. (Doc. 3.)

Defendants promptly filed a Motion to Dismiss with the District Court (Doc.

11), arguing that Plaintiff's claims are barred by sovereign immunity, qualified immunity, and the applicable statute of limitations. Defendants also argue that Plaintiff has failed to state claims upon which relief may be granted.

Defendants filed a Motion to Stay Discovery pending the outcome of the dispositive motion. (Doc. 13.) That motion was granted, as unopposed, by the undersigned Magistrate Judge. (Doc. 17.) Plaintiff also filed a Motion to Stay relating to the briefing and disposition of the pending Motion to Dismiss on the basis that he intended to file the present Motion for Leave to Amend. (Doc. 15.) Over Defendants' objection, the District Court granted that stay, noting that "[a]t the time of Plaintiff's motion to stay, Plaintiff had not yet obtained the right to sue letter needed before he could amend and he had no estimate of when that letter would be issued." (Doc. 25, at 2.) The District Court held that "given Plaintiff's recently filed motion for leave to amend, . . . it [is] in the best interest of judicial economy to stay briefing on the motion to dismiss pending a ruling on the motion for leave to amend" because the dispositive motion, in its current form, would be moot if the Motion for Leave to Amend is granted. (*Id.*, at 3.)

As mentioned, Plaintiff filed a Motion for Leave to File Second Amended Complaint. (Doc. 24.) In granting the motion, the undersigned Magistrate Judge held that "Plaintiff's proposed amended pleading contains sufficient facts for the

Court to grant the Motion for Leave to Amend." (Doc. 32, at 5.)  This Court noted, however, that "[b]y reaching this conclusion, [it] is not, however, addressing whether Plaintiff's amended pleading would survive a revised Motion to Dismiss submitted and briefed to the District Court." (*Id.*, at 5-6.)

Defendants subsequently filed a Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 36), which is currently pending before the District Court.  Soon thereafter, Defendants filed the present motion, seeking an Order staying discovery and other Rule 26 activities pending a ruling by the District Court on the pending dispositive motion.  (Doc. 38.)

## DISCUSSION

It is the general policy of this District not to stay discovery, notwithstanding the existence of pending dispositive motions.  **Wolf v. United States**, 157 F.R.D. 494, 495 (D.Kan.1994). Four exceptions to this policy have been recognized:

> (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to the defendant's immunity from suit.

**Citizens for Objective Public Educ. Inc. v. Kansas State Bd. of Educ.**, No. 1304119–KHV, 2013 WL 6728323, *1 (D. Kan. Dec.19, 2013); *see also* **Kutilek v.**

*Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990).  The decision whether to stay discovery rests in the sound discretion of the Court.  *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997); *see also* *Kutilek*, 132 F.R.D. at 297; *American Maplan. Corp. v. Heilmayr*, 203 F.R.D. 499, 501 (D.Kan.2001) (stating that a magistrate's non-dispositive pretrial orders are subject to a deferential, "clearly erroneous" standard).

As discussed above, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint is pending before the District Court.  The undersigned Magistrate Judge will not state an opinion as to the validity of Defendants' motion or the viability of Plaintiff's claims.  The Court is, however, satisfied that, should the District Court grant Defendants' dispositive motion, the case would be concluded.  Further, because the pending dispositive motion is a Motion to Dismiss, rather than a Motion for Summary Judgment, that motion will be decided on the sufficiency of Plaintiff's Second Amended Complaint rather than the weight of factual evidence presented by the parties.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir.2009) (citation omitted).

All things considered, the Court finds that participating in discovery, including activities related to the creation of an initial order for planning and scheduling, would be wasteful and unnecessarily burdensome at the present time.

Defendants' Motion to Stay Discovery (Doc. 38) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery (Doc. 38) is **GRANTED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 13th day of July, 2016.

                                           S/ KENNETH G. GALE
                                           KENNETH G. GALE
                                           United States Magistrate Judge