IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ABDULLAH ("ABE") FATTAEY,

    **Plaintiff,**

    v.

KANSAS STATE UNIVERSITY, KIRK SCHULZ, CINDY BONTRAGER, APRIL MASON, RYAN SWANSON, and ROBERTA MALDONADO FRANZEN,

    **Defendants.**

Case No. 15-9314-JAR-KGG

## MEMORANDUM AND ORDER

Plaintiff Abdullah ("Abe") Fattaey alleges claims against his former employer Kansas State University, and University employees, relating to the failure to name him as the Associate Vice President for Campus Planning and Facilities Management at the University. Before the Court is Plaintiff's Motion for Hearing on Defendants' Motion to Dismiss (Doc. 52). Defendants have responded and oppose the motion. As described more fully below, Plaintiff's motion is denied.

Plaintiff originally filed this action on October 13, 2014, and amended the complaint once as a matter of course on November 10, 2015. On February 19, 2016, Defendants filed a Motion to Dismiss the Amended Complaint.[1] The motion argued that the claims against the University are barred by sovereign immunity, and that the University is not a "person" subject to suit under § 1983. The motion further argued that the Amended Complaint fails to state a claim upon which relief may be granted for several reasons, and that qualified immunity shields the individual defendants from civil rights against them in their individual capacities.

---

[1] Doc. 11.

Before responding to the motion to dismiss, Plaintiff sought a stay on briefing the motion to dismiss, and asked for leave to amend the complaint. The Court granted these requests over Defendant's objections. On May 11, 2016, Plaintiff filed his Second Amended Complaint, and on May 24, 2016, Defendants moved to dismiss the Second Amended Complaint. Defendants' motion to dismiss raises many of the same arguments previously raised in the motion to dismiss the First Amended Complaint, including Eleventh Amendment immunity, qualified immunity, failure to exhaust, statute of limitations, and failure to state a claim upon which relief may be granted.

The pending motion to dismiss is now fully briefed, and in the instant motion Plaintiff requests a hearing on the motion to dismiss. The Court has reviewed the briefs on the underlying motion to dismiss and finds that oral argument would not materially assist the Court with disposition of this motion. The Court does not find that the length of the briefs, the amount of defendants, or the various constitutional violations are too complex or unwieldy for disposition on the briefs. If the Court later determines that a particular issue requires further briefing, it reserves the right to order such briefing, but based on its review of the briefs, this is unlikely.

Plaintiff requests in the alternative that "the Court permit leave to amend as to curable issues."[2] The Court declines to permit leave to amend on this record. Plaintiff's motion does not comply with Rule 15.1, which governs motions for leave to file. The Court further notes that Plaintiff has already been given an opportunity to cure when he was granted leave to file the Second Amended Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Hearing on Defendants' Motion to Dismiss (Doc. 52) is **denied**.

---

[2]Doc. 52 at 3.

**IT IS SO ORDERED.**

<u>Dated: August 29, 2016</u>

<u>S/ Julie A. Robinson</u>
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
