# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ABDULLAH ("ABE") FATTAEY,

    Plaintiff,

v.

KANSAS STATE UNIVERSITY, et al.,

    Defendants.

Case No. 15-9314-JAR-KGG

## MEMORANDUM AND ORDER

Plaintiff Abdullah ("Abe") Fattaey's Second Amended Complaint alleged claims against his former employer, Kansas State University ("KSU"), and several University employees, relating to the decision not to reappoint him when his annual employment contract with KSU expired. On January 24, 2017, the Court issued an extensive Memorandum and Order on Defendants' Motion to Dismiss Second Amended Complaint, granting in part and denying in part that motion.[1] The Court denied the motion to dismiss as to his Title VII claims against KSU, and granted the motion to dismiss civil rights claims under 42 U.S.C. §§ 1983 and 1985(3) premised on violations of Plaintiff's procedural and substantive due process rights under the Fourteenth Amendment. In addition, due to the confusing sequence of Plaintiff's amendments and filings, the Court ordered Plaintiff to file a Third Amended Complaint that omitted claims he had voluntarily dismissed, and reflected the Court's rulings on the civil rights claims. Before the Court is Plaintiff's Unopposed Motion for Extension of Time to Confer and File Third Amended Complaint (Doc. 60). The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court grants in part and denies in part Plaintiff's motion.

---

[1] Doc. 55.

On January 31, 2017, Plaintiff filed a motion for leave to amend, attaching a proposed Third Amended Complaint. In this motion, he argued that the 42 U.S.C. § 1983 claim in the Second Amended Complaint against the individual defendants included a claim that they violated the Fourteenth Amendment's equal protection clause. He asked for an extension of time to file the Third Amended Complaint until the Court could rule on whether his proposed pleading, which included this claim, is permissible. Plaintiff sought to allege this claim against Defendant Bontrager in her individual capacity. Defendant objected, and argued that several other paragraphs in the proposed pleading should be omitted because they were inconsistent with the Court's ruling on the motion to dismiss.

On May 24, 2017, the Court granted Plaintiff's motion to file a Third Amended Complaint that includes an equal protection claim against Bontrager, and otherwise clarified its January 24 Order. The Court declined however to conduct the multiple-paragraph analysis urged by Defendants, and instead ordered the parties to meet and confer before Plaintiff filed his Third Amended Complaint. The Order stated:

> The Court is not inclined to conduct a paragraph-by-paragraph analysis of this proposed pleading, particularly in light of the Court's decision to grant Plaintiff leave to clarify that an equal protection claim under § 1983 remains. Instead, the Court will grant Plaintiff an extension of time of up to fourteen days from the filing of this Order to file his Third Amended Complaint in conformity with the Court's January 24, 2017 Order, as clarified by this Order. There will be no further extensions of this deadline. The parties shall meet and confer prior to this deadline to avoid yet another round of litigation over the contents of this operative pleading. Before meeting with Defendants, Plaintiff is urged to read this Court's January 24 Order carefully, and to eliminate any contents of the proposed pleading that relate solely to dismissed claims.[2]

The Court ordered that the Third Amended Complaint be filed by June 7, 2017, and indicated that no further extensions of time would be granted.

---

[2] Doc. 59 at 15.

The Court's meet and confer requirement was ordered as a courtesy to Defendants. Of course, it is not typical for a defendant to be allowed to confer about the drafting of a plaintiff's pleading. But given the protracted nature of motions practice and amendments in this case, the Court believed it would best serve the interests of Fed. R. Civ. P. 1 to "secure the just, speedy, and inexpensive determination" of this action. The Court was mistaken. On May 26, 2017, Plaintiff's counsel Kevin Koc dutifully reached out to Defendants to schedule a meet and confer session after this Court's Memorandum and Order was filed. He received an out-of-office reply from Assistant Attorney General for the State of Kansas, M.J. Willoughby, indicating that she would be out of the country and unavailable until June 20, 2017. He later received an e-mail from a legal assistant at the Kansas Attorney General's office, advising that Ms. Willoughby would be "out of the country on the date the amended complaint is due to be filed . . . . Her suggestion is that you seek an extension of time (joint or agreed), to file the amended complaint on or before June 23, 2017. . . . If the judge denies the extension, then you will probably have to proceed to file the amended complaint, noting that you were unable to meet and confer. . . . [W]e would request an extension of time to July 6, 2017 to respond."[3]

Plaintiff's counsel asked if there was someone else at the Attorney General's office with whom he could meet and confer in order to avoid missing the Court's deadline. He surely was concerned about the fact that the Court explicitly warned that it would grant no further extensions of time to amend. Ms. Willoughby's assistant responded that "MJ is the only attorney in our office with sufficient knowledge of this case," and indicated that before she left the country, she gave the office authority only to agree to an extension of time to confer, or if that

---

[3] Doc. 60-1 at 4.

failed, an extension of time for her to respond to any amendment. He asked to approve any joint motion for extension of time.

Mr. Koc sent the Attorney General's office his proposed joint motion for extension of time for approval. Mr. Koc represents in his motion, which was filed on June 7, that he never received a response from the Attorney General's office, so he proceeded to file the motion as unopposed based on the prior e-mail exchanges. On June 8, 2017, Mr. Koc again tried to reach the Attorney General's office, asking for a confirmation that the motion for extension of time was unopposed. Steve Phillips, another Assistant Attorney General, responded to Mr. Koc's e-mail and copied the undersigned chambers. He states: "M.J. Willoughby is on lengthy international trip which she planned months ago. The Kansas Attorney General's Office does not oppose Mr. Koc's motion for extension (Doc. 60), and if it assists in resolution of the motion, we agree that it may be considered a joint motion."

The Court has reviewed Plaintiff's motion and the e-mail exchange attached to that motion and determines that Defendants have waived their right to confer or otherwise weigh in any further on the contents of the Third Amended Complaint. As the Court already stated, its meet and confer requirement was intended to be a courtesy to Defendants, and to save the Court the time of going through each of Defendants' many objections (characterized by them as not exhaustive) to the proposed Third Amended Complaint that was attached to the motion for leave to amend.[4] It was an attempt to expedite the process of filing the Third Amended Complaint and allow this case to proceed to discovery. Ms. Willoughby's failure to designate a member of her office to meet and confer pursuant to this Court's Order during her lengthy vacation is not an adequate basis for extending a deadline that this Court warned the parties it would not extend.

---

[4] *See* Doc. 56-1.

Considering that this trip apparently was planned "months ago," it was incumbent upon Ms. Willoughby, and not Mr. Koc, to either assist in meeting the Court's deadline, or make alternate arrangements given the Court's clear directive that there would be no further extensions. The Court will not favorably entertain a "response" by Defendants to Plaintiff's Third Amended Complaint in the context of anything other than an Answer under Rule 8. Such a response was never requested or provided for in the Court's previous Order, and there is no provision under the federal or local rules for such a filing, other than in the form of a pleading.

The Court has reviewed the proposed Third Amended Complaint that is attached to Plaintiff's motion for leave to amend, which this Court has already granted. The Court has also reviewed again Defendants' objections to that proposed pleading. Most of these objections are clearly covered by the Court's Order clarifying that it did not dismiss Plaintiff's race discrimination claims, that the factual allegations about KSU's failure to investigate Plaintiff's complaint may be relevant to his surviving Title VII claims, and that the equal protection claim may proceed. The Court finds only a few objections to have merit—those that object to paragraphs where Plaintiff alleges legal claims that have been dismissed. First, Plaintiff shall remove allegations that he was discriminated against or retaliated against because of his age or religion. Those claims have clearly been withdrawn. Plaintiff shall also remove references to retaliation that exceed the bounds of the retaliation claim that the Court allowed to proceed in its January 24, 2017 Order. The Court will allow Plaintiff a short extension of time until June 15, 2017, to file a Third Amended Complaint within these parameters given his many attempts to meet this Court's original deadline, and the fact that his failure to do so was due solely to defense counsel's conduct. There shall be no response by Defendants. The Court expects this case to

Considering that this trip apparently was planned "months ago," it was incumbent upon Ms. Willoughby, and not Mr. Koc, to either assist in meeting the Court's deadline, or make alternate arrangements given the Court's clear directive that there would be no further extensions. The Court will not favorably entertain a "response" by Defendants to Plaintiff's Third Amended Complaint in the context of anything other than an Answer under Rule 8. Such a response was never requested or provided for in the Court's previous Order, and there is no provision under the federal or local rules for such a filing, other than in the form of a pleading.

The Court has reviewed the proposed Third Amended Complaint that is attached to Plaintiff's motion for leave to amend, which this Court has already granted. The Court has also reviewed again Defendants' objections to that proposed pleading. Most of these objections are clearly covered by the Court's Order clarifying that it did not dismiss Plaintiff's race discrimination claims, that the factual allegations about KSU's failure to investigate Plaintiff's complaint may be relevant to his surviving Title VII claims, and that the equal protection claim may proceed. The Court finds only a few objections to have merit—those that object to paragraphs where Plaintiff alleges legal claims that have been dismissed. First, Plaintiff shall remove allegations that he was discriminated against or retaliated against because of his age or religion. Those claims have clearly been withdrawn. Plaintiff shall also remove references to retaliation that exceed the bounds of the retaliation claim that the Court allowed to proceed in its January 24, 2017 Order. The Court will allow Plaintiff a short extension of time until June 15, 2017, to file a Third Amended Complaint within these parameters given his many attempts to meet this Court's original deadline, and the fact that his failure to do so was due solely to defense counsel's conduct. There shall be no response by Defendants. The Court expects this case to

proceed to pretrial management once Defendants' Answer to the Third Amended Complaint is filed.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Unopposed Motion for Extension of Time to Confer and File Third Amended Complaint (Doc. 60) is **granted in part and denied in part**. Plaintiff shall file his Third Amended Complaint by June 15, 2017, in compliance with this Order. The duty to meet and confer with Defendants is lifted. No further briefing on the Third Amended Complaint is warranted.

**IT IS SO ORDERED.**

Dated: June 9, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE